# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| MELINDA FLEET, and SALLY CHRISTIANSEN, individually and on behalf of all similarly situated persons,<br><br>        Plaintiffs,<br>   vs.<br><br>SOUTHERN ORTHOPEDIC ASSOCIATES, P.S.C. d/b/a ORTHOPAEDIC INSTITUTE OF WESTERN KENTUCKY,<br><br>        Defendant | Case No.: 5:22-cv-00109 |

## JOINT MOTION TO STAY

Come Plaintiffs, Melinda Fleet and Sally Christiansen, individually and on behalf of all similarly situated persons, and Defendant Southern Orthopedic Associates, P.S.C. d/b/a Orthopaedic Institute of Western Kentucky (the "Parties"), and hereby jointly move this Court to Stay the proceedings in this matter pending the Parties' settlement efforts. In support of its request, Plaintiffs and Defendant state as follows:

1.  Plaintiff Melinda Fleet initiated this action by filing her initial Class Action Complaint on August 16, 2022. R.E. 1. Defendant filed a Motion to Dismiss the initial Complaint on October 12, 2022. R.E. 19.

2.  Prior to the filing of the initial Complaint in this action, on June 23, 2022, a related class action, stemming from similar factual allegations, was filed in Illinois state court in the First Judicial Court in Williamson County, Illinois (*Suzanne Restivo-Conley v. Southern Orthopedic Associates, S.C. d/b/a Orthopaedic Institute of Western Kentucky and Southern Orthopedic Associates, LLC d/b/a Orthopaedic Institute of Western Kentucky*, Case No. 2022LA77) (the "Illinois state case")

3. On December 2, 2022, Plaintiffs filed their First Amended Class Action Complaint adding Plaintiff Sally Christiansen. R.E. 27. Defendant filed a Partial Motion to Dismiss on January 13, 2023. R.E. 30. Plaintiffs filed their Response on February 22, 2023, and Defendant filed its Reply on March 7, 2023. R.E. 33, 34.

4. On May 25, 2023, the Parties attended a mediation with Hon. Wayne Anderson (ret.) and, on June 16, 2023, the Parties reached a global settlement agreement.

5. As part of that agreement, the Parties have agreed to file the appropriate settlement pleadings seeking preliminary (and ultimately final) approval of the settlement agreement in the related Illinois state case.

6. Accordingly, the Parties now seek to stay all proceedings in this action pending final approval of the Parties' settlement efforts in the related Illinois state case.

7. District Courts are vested with the inherent authority to stay proceedings "'with a view toward the efficient and expedient resolution of cases.'" *Dippin' Dots, LLC v. Travelers Property Casualty Company of America*, 322 F.R.D. 271, 273 (W.D. Ky. 2017) (*quoting Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)). Moreover, "[t]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Dick v. Sprint Communs. Co. L.P.*, 297 F.R.D. 283, 297 (W.D. Ky. 2014). Accordingly, this Court has stayed matters pending mediations and potential settlements in other matters. *See, e.g., Sparcino v. Shepherd Communications, Inc.*, No. 3:14-CV-298-JHM-CHL, 2015 WL 631240, at *1 (W.D. Ky. Feb. 12, 2015).

8. Here, a stay is appropriate as this case presents an example of a complex class action and the stay would preserve and protect the Court's judicial resources. As the proposed settlement would resolve the claims asserted in this matter, its final approval would also resolve this action.

Accordingly, it is in both the interest of the public and the Parties that this matter be stayed pending the final approval of the Parties' settlement efforts in the related Illinois state case.

9. The Parties agree that, within seven (7) days of the entry of the final order approving the settlement in the Illinois state case, Plaintiffs will file a motion to dismiss this matter with prejudice. If the settlement is not approved in the Illinois state case or the assistance of this Court is required, the Parties will promptly advise the Court.

WHEREFORE, the Parties respectfully request that the Court stay all proceedings in this action until the entry of a final order approving the settlement in the Illinois state case and a motion to dismiss this matter with prejudice is filed to fully and finally resolve this action.

/s/ *Jason R. Hollon*
Robert E. Maclin, III (KBA Bar #43025)
Jason R. Hollon (KBA Bar #96148)
**McBRAYER PLLC**
201 East Main Street, Suite 900
Lexington, KY 40507
Tel: (859) 231-8780
remaclin@mcbrayerfirm.com
jhollon@mcbrayerfirm.com

AND

Claudia D. McCarron, *Pro Hac Vice*
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Tel: (267) 930-4787
cmccarron@mullen.law

Amanda N. Harvey, *Pro Hac Vice*
**MULLEN COUGHLIN LLC**
1452 Hughes Road Suite 200
Grapevine, TX 76051
Tel: 267-930-1697
aharvey@mullen.law

*Attorneys for Defendant*


/s/ William B. Federman
William B. Federman, *Pro Hac Vice*
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: 405-235-1560
wbf@federmanlaw.com

Jeremy T. Pruitt (98146)
**PRUITT LAW, PLLC**
705 Main Street
Murray, KY 42071
Tel: 270-917-1001
jpruitt@pruittlawky.com

Lori G. Feldman, *Pro Hac Vice*
**GEORGE FELDMAN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Tel: 917-983-9321
lfeldman@4-justice.com

David J. George, *Pro Hac Vice*
Brittany L. Brown, *Pro Hac Vice*
**GEORGE FELDMANMCDONALD, PLLC**
9897 Lake Worth Road, Suite 302
Lake Worth, FL 33467
Tel: 561-232-6002
dgeorge@4-justice.com
bbrown@4-justice.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2023, a true and correct copy of the foregoing document has been served upon all counsel of record via CM/ECF

/s/Jason R. Hollon<br>
*Attorney for Defendant*

4864-3257-8156, v. 1